AARON PARSONS *versus* GREENLEAF HOWE *& al.*

A railroad corporation was authorized by its charter to purchase, or take and hold, so much land of private persons or other corporations, as might be necessary for its corporate use, and also to take, remove and use for certain specified purposes, any earth, gravel, stone, timber, or other materials on or from the land so taken.

The Court *held* that this did not authorize the servants of the corporation to go upon lands *not taken* under the charter, and take materials therefrom, against the will and without the consent of the owners of the land.

ON REPORT from *Nisi Prius*, HATHAWAY, J., presiding.

TRESPASS for taking material from plaintiff's land. The action came into this Court, by appeal from a justice of the peace, before whom it was tried on plea of the general issue. The plaintiff introduced testimony, by which he proved the taking and conversion of the property as alleged in the writ,

of the value of twenty dollars or more, from land occupied by him, and in his possession, and that the taking was forbidden by him at the time.

*In Defence.* Defendants offered to prove, that the taking and carrying away of the materials described in the plaintiff's writ, was for the purpose of constructing the Buckfield Branch Railroad, and that they were used in such construction, and that defendants acted under authority from said railroad corporation, vested in Francis O. J. Smith, and as his agents and workmen, and they introduced testimony tending to establish what they offered to prove. Defendants also introduced an Act of incorporation, entitled "An Act to establish the Buckfield Branch Railroad Company," passed by the Legislature of Maine, July 27th, 1847.

The plaintiff proved, that the place from which the property sued for was taken by defendants, was from thirty or forty feet to four rods distant from the place where the railroad was in process of construction, and it was admitted by defendants that the land from which said materials were taken by them, was not land which had been purchased by said railroad company, or taken by them, otherwise than by defendants going on to the same and taking said materials, and that said land was not embraced within the limits of said railroad.

Whereupon the case was taken from the jury by consent of parties, and submitted to the Court; and if the Act of incorporation, and the facts offered to be proved by the defendants, constitute a valid defence, the action is to stand for trial; otherwise a default is to be entered, and judgment rendered for the plaintiff for twenty dollars damage and for his costs.

*Ludden,* for plaintiff, submitted the case without argument.

*F. O. J. Smith,* and *S. C. Andrews,* for defendants.

The charter, § 1, and the R. S., c. 81, § 2, alike contemplate the taking and use of land and materials without, as well as within, the located limits of the road, for its construction. Such acts, then, judiciously performed, are author-

ized by law. For acts authorized by law, no action for tort is maintainable. The remedy provided by the statute, of petition to County Commissioners, for redress is alone available to the injured party. *Mason* v. *Ken. & Portland Railroad Co.*, 31 Maine, 215, and note 1 to reprint of the same case; vol. 1, American Railway Cases, p. 166, which cites and collects in detail, the following American cases, additional to a long list of English cases, viz.: — *Stowell* v. *Flagg*, 15 Mass. *364; Stevens* v. *Middlesex Canal Co.*, 16 Mass. *466; Piscataqua Bridge* v. *New Hampshire Bridge*, 7 N. H. 35; *Rogers* v. *Bradshaw*, 20 Johns. 735; *Knorr* v. *The Germantown Railroad Co.*, 5 Whart. 256; *Aldrich* v. *Cheshire Railroad Co.*, 1 Foster, 359; *Hatch* v. *Vermont Central Railroad Co.*; *Hollister* v. *Union Co.*, 9 Conn. 436; See also *Dodge & al.* v. *County Com. of Essex*, 3 Met. 380, which was a petition of mandamus upon defendants to estimate damages to a building near the line but without the limits of the road, occasioned by blasting rocks. See also *Lebanon* v. *Olcott*, 1 N. H. 339; *Calking* v. *Baldwin*, 4 Wend. 667.

Rice, J. — The charter of the Buckfield Branch Railroad, under which the defendants seek to justify, authorizes that corporation to purchase, or take and hold, so much of the land of private persons, or other corporations, as may be necessary for the location, construction, and convenient operation of said railroad; and the right to take, remove and use, for the construction and repair of said railroad and appurtenances, any earth, gravel, stone, timber, or other materials on or from *the land so taken.*

This does not authorize the servants of that corporation, to go upon lands *not taken*, under the charter, and in accordance with its provisions, and take materials therefrom for the construction of their road, against the will and without the consent of the owners of such lands. The cases cited by defendants' counsel will be found, on examination, to refer to damages occasioned by operations on lands which have been

legally taken for the use of the corporations, against which damages were claimed, and are not authority for the defendants in the case at bar.

A default must be entered according to agreement.

TENNEY, C. J., and HATHAWAY, CUTTING, and GOODENOW, J. J., concurred.